Amir J. Goldstein, Esq. (SBN 255620)
ajg@consumercounselgroup.com
8032 West Third Street, Suite 201
Los Angeles, CA 90048
Tel 323.937.0400
Fax 866.288.9194

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHRISTOPHER PETERS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC and DOES 1 through 10 inclusive,<br><br>Defendants. | ) | CASE NO.: 8:17-cv-01634<br><br>CLASS ACTION COMPLAINT FOR DAMAGES |

Plaintiff, by and through his attorney, Amir J. Goldstein, Esq., as and for his complaint against the Defendant EQUIFAX INFORMATION SERVICES, LLC alleges as follows:

**INTRODUCTION**

1. This is an action for actual, statutory and punitive damages brought by an individual consumer and on behalf of a class for the Defendant's violations of the Fair Credit Reporting Act (“FCRA”) (15 U.S.C. § 1681 et seq.) and California's Consumer Credit Reporting Agency Act (CCRAA), (California Civil Code § 1785.1 et seq.). Plaintiff also alleges that Defendant failed to secure and safeguard his private information and that by doing so, has committed negligence and negligence per se.

## PARTIES

2. Plaintiff Christopher Peters is a natural person residing in Orange County, California.
3. Upon information and belief, Defendant Equifax Information Services, LLC ("Defendant Equifax") is a "consumer reporting agency" as defined in 15 U.S.C. §1681(f), authorized to do business in the state of California, and is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing "consumer reports" as defined in 15 U.S.C. §1681(d) for monetary compensation.

## JURISDICTION

4. This Court has jurisdiction over the subject matter of this lawsuit pursuant to 15 U.S.C. §1681p and to 28 U.S.C. §1331 as this case alleges a violation of federal law. Venue is also proper in this Court pursuant to 15 U.S.C. §§ 1391(b) and (c) as well as 28 U.S.C. §1367.

## AS AND FOR A FIRST CAUSE OF ACTION

5. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.
6. That upon information and belief, Defendant Equifax collected and stored personal and credit information from Plaintiff and other consumers, including their social security numbers, birth dates, home addresses, driver's license information, and credit card numbers.
7. That on or about July 29, 2017, Defendant Equifax discovered a security breach and unauthorized access to databases storing the confidential information of Plaintiff and other consumers.
8. That on or about September 7, 2017, Defendant Equifax publicly announced that from May to July 2017, its databases storing the credit and personal information of Plaintiff

and other consumers were hacked by unauthorized third parties, subjecting the Plaintiff and other consumers to credit harm and identify theft.

9. That although Defendant Equifax was aware of the security breach back in July 2017, it did not notify the public until at least six weeks later.

10. That in response to the security breach, Defendant offered the Plaintiff and other consumers "complimentary identity theft protection and credit monitoring" through a website it created: equifaxsecuirty2017.com.

11. That upon information and belief, said website woefully fails to rectify the problems caused by the security breach, results in consumers unknowingly waiving their legal rights and binds consumers to arbitration.

12. That Defendant Equifax owed a legal duty to consumers like the Plaintiff to use reasonable care to protect their credit and personal information from unauthorized access by third parties.

13. That Defendant Equifax breached its duty through the following acts, which include, but are not limited to: (a) failing to implement and maintain adequate data security practices; (b) failing to detect the data breach in a timely manner; (c) failing to disclose that Defendant's data management practices, policies and procedures were inadequate; and (d) failing to provide adequate and timely notice of the data breach.

14. That but for Defendant's breach of its duties, the confidential information of the Plaintiff and other consumers would not have been accessed by unauthorized third parties.

15. That the Plaintiff was a foreseeable victim of Defendant's inadequate policies and procedures.

16. That Defendant Equifax negligently failed to maintain adequate technological safeguards to protect confidential information from unauthorized access by hackers.

17. That upon information and belief, Defendant Equifax knew and/or should have known that its failure to maintain adequate technological safeguards would eventually result in a massive data breach.

18. That as a direct result of Equifax's conduct as alleged in this complaint, Plaintiff suffered injury and damages, including but not limited to the following: injury of loss; increased risk of identity theft; increased risk of identity fraud; loss in time spent mitigating the risks of identity theft and fraud.
19. That the damages to Plaintiff were a proximate, reasonably foreseeable result of Defendant's breaches of its duties.
20. That Equifax undertook care of credit and personal information belonging to the Plaintiff and other consumers, then breached its legal duty by failing to maintain adequate technological safeguards, falling below the standard of care in the technological industry, directly and proximately causing foreseeable risk of data loss and credit harm and identity theft and other economic losses, in amounts to be decided by the jury.
21. That by the above-referenced conduct, Defendant's breach of its duties also constitutes negligence per se.

## AS AND FOR A SECOND CAUSE OF ACTION

22. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.
23. That upon information and belief, Plaintiff did not give any credit reporting agencies, including Defendant Equifax, written instructions or permission to provide his consumer report to anyone during the time period in question.
24. That upon information and belief, the Plaintiff's Equifax consumer reports were ultimately provided to an unauthorized third party.
25. That upon information and belief, Defendant Equifax released Plaintiff's credit reports for an impermissible purpose under the FCRA.
26. That upon information and belief, Defendant Equifax failed to maintain reasonable procedures that would limit the furnishing of consumer reports to the purposes listed under the FCRA.

27. That upon information and belief, Plaintiff's credit reports were not furnished for a legitimate business need.
28. That upon information and belief, Plaintiff's consumer reports were not furnished for a purpose for which the consumer report is authorized to be furnished under the FCRA.
29. That as a result of Defendant's unlawful conduct, Plaintiff's personal and private information was disclosed without his authorization or permission.
30. That as a result of Defendant Equifax's unauthorized release of Plaintiff's credit reports, Plaintiff suffered actual damages, including, but not limited to: stress, anxiety and aggravation.
31. That Defendant violated and is liable under the following sections of the FCRA, which include, but are not limited to:
    a. 15 U.S.C. §1681b which prevents a person from using or obtaining a consumer report unless the user is obtaining the report for a permissible purpose and the user certifies such purpose in accordance with the FCRA;
    b. 15 U.S.C. §1681e(a) which states that "Every consumer reporting agency shall maintain reasonable procedures designed to avoid violations of section 1681c of this title and to limit the furnishing of consumer reports to the purposes listed under section 1681b of this title;"
    c. 15 U.S.C. §1681n for willfully failing to comply with the FCRA; and
    d. 15 U.S.C. §1681o for negligently failing to comply with the FCRA.
32. That Defendant's conduct, action and inaction was willful, rendering it liable for actual, statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. 1681o.
33. That Plaintiff is entitled to recover costs and attorney's fees from the Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

**AS AND FOR A THIRD CAUSE OF ACTION**

34. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

35. California's Consumer Credit Reporting Agencies Act, Cal. Civ. Code §1785 et seq., was enacted to "insure that consumer credit reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." Cal. Civ. Code §1785.1(c). It requires that "consumer credit reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, hiring of a dwelling unit, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information…" Cal. Civ. Code §1785.1(d).

36. That by its acts and practices as hereinabove described, Defendant willfully and intentionally violated Cal. Civ. Code §1785 et seq. with regard to the Plaintiff and other consumers.

37. That Defendant violated and is liable under the following sections of Cal. Civ. Code 1785 et seq., which include, but are not limited to:

    a. Cal. Civ. Code §1785.11 which permits consumer credit reporting agencies to furnish reports under the limited circumstances enumerated there under;

    b. Cal. Civ. Code §1785.14 for failing to maintain reasonable procedures and for failing to limit the furnishing of consumer credit reports to the purposes listed under Section 1785.11.

38. That as a result of the above violations, Defendant is liable to the Plaintiff and all members similarly situated for actual, statutory, punitive and/or treble damages in an amount to be determined at the time of trial, plus costs and attorney's fees pursuant to Cal. Civ. Code §1785.19.

## AS AND FOR A FOURTH CAUSE OF ACTION

39. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

40. The Gramm-Leach-Bliley Act ("GLBA") imposes upon "financial institutions" "an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information." 15 U.S.C. § 6801.

41. That Defendant Equifax, a credit bureau, is a "financial institution" for purposes of the GLBA, and is therefore subject to its provisions.

42. That upon information and belief, Defendant Equifax violated the GLBA through the following conduct, which includes, but is not limited to, its failure to: (a) implement and maintain adequate data security practices to safeguard private information; (b) detect the data breach in a timely manner; (c) disclose that its practices, policies and procedures were inadequate to safeguard Plaintiff's private information; and (d) timely notify its consumers, agencies and law enforcement of the data breach.

43. That as a result of the above violations, Defendant is liable to the Plaintiff and all members similarly situated for actual, statutory, punitive and/or treble damages in an amount to be determined at the time of trial, plus costs and attorney's fees.

## AS AND FOR A FIFTH CAUSE OF ACTION

44. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

45. The California Customer Records Act, Cal. Civ. Code §§1798.80 et seq., requires any "business that owns, licenses, or maintains personal information about a California resident [to] implement and maintain reasonable security procedures and practices appropriate to the nature of the information, to protect the personal information from unauthorized access, destruction, use, modification, or disclosure."

46. That by the above-referenced conduct, Defendant has also violated Cal. Civ. Code §§1798.80 et seq., with regard to the Plaintiff and other consumers.
47. That as a result of the above violations, Defendant is liable to the Plaintiff and all members similarly situated for actual, statutory, punitive and/or treble damages in an amount to be determined at the time of trial, plus costs and attorney's fees.

**AS AND FOR A SIXTH CAUSE OF ACTION**

48. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.
49. The California Business and Professions Code §17200, et seq., prohibits unfair competition, which includes any unlawful, unfair or fraudulent business act.
50. That Defendant, by engaging the acts hereinabove described, has committed violations and that said acts are therefore per se violations of the California Business and Professions Code Section 17200 et seq.
51. That the harm caused by Defendant’s conduct outweighs any benefits that Defendant’s conduct may have.
52. That consumers like the Plaintiff are likely to be deceived, and that the Plaintiff was in fact deceived, by Defendant’s conduct.
53. That the Defendant has been unjustly enriched by committing said acts.
54. That as a result of Defendant’s conduct, Plaintiff has been harmed and has suffered damages in the form of monetary losses, extreme embarrassment, humiliation, shame, stress, anxiety, aggravation and sleepless nights.
55. That as a direct and proximate result of Defendant’s unlawful, unfair and fraudulent business practices as alleged herein, the Plaintiff has suffered substantial injury in fact and lost money and/or property.
56. That pursuant to California Business and Professions Code § 17200, et seq., the Plaintiff is entitled to recover his actual damages and restitution.

**AS AND FOR A SEVENTH CAUSE OF ACTION**

57. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

58. The Consumers Legal Remedies Act, California Civil Code §§ 1750, et seq. (the "CLRA") prohibits deceptive practices in connection with the conduct of a business providing goods, property, or services to consumers primarily for personal, family, or household purposes. The CLRA also protects consumers against unfair and deceptive business practices.

59. That by the above-referenced conduct, Defendant has also violated Cal. Civ. Code §§1750 et seq., with regard to the Plaintiff and other consumers.

60. That as a result of the above violations, Defendant is liable to the Plaintiff and all members similarly situated for actual, statutory, punitive and/or treble damages in an amount to be determined at the time of trial, plus costs and attorney's fees.

**AS AND FOR A EIGHTH CAUSE OF ACTION**

61. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

62. That by the above-referenced conduct, Defendant has also breached its fiduciary duty to the Plaintiff and other consumers.

63. That as a result of the above violations, Defendant is liable to the Plaintiff and all members similarly situated for actual, statutory, punitive and/or treble damages in an amount to be determined at the time of trial, plus costs and attorney's fees.

**AS AND FOR A NINTH CAUSE OF ACTION**

64. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

65. That by the above-referenced conduct, Defendant has also committed a breach of contract with regard to the Plaintiff and other consumers.

66. That as a result of the above violations, Defendant is liable to the Plaintiff and all members similarly situated for actual, statutory, punitive and/or treble damages in an amount to be determined at the time of trial, plus costs and attorney's fees.

## AS AND FOR A TENTH CAUSE OF ACTION

67. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

68. That by the above-referenced conduct, Defendant has also committed a negligent infliction of emotional distress with regard to the Plaintiff and other consumers.

69. That as a result of the above violations, Defendant is liable to the Plaintiff and all members similarly situated for actual, statutory, punitive and/or treble damages in an amount to be determined at the time of trial, plus costs and attorney's fees.

## CLASS ALLEGATIONS

70. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

71. The first and second causes of action are brought on behalf of Plaintiff and the members of a class.

72. The Class consists of all persons whom Defendant’s records reflect resided in the state of California, had personal or credit data collected and stored by Equifax in the past year, and were subjected to risk of data loss and credit harm and identity theft or had to pay for third-party credit monitoring services as a result of Equifax’s negligent data breach from May to July 2017.

73. The class consists of consumers who suffered injuries as alleged in this complaint directly and proximately caused by Equifax's negligent failure to adequately protect its database from unauthorized access by third-party hackers.

74. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   a. Upon information and belief, the class includes millions of consumers, therefore the class is so numerous that joinder of all members is impracticable.

   b. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FCRA by failing to follow appropriate procedures and whether the Defendant acted negligently.

   c. The only individual issue is the identification of the consumers whose information was hacked, a matter capable of ministerial determination from the records of Defendant.

   d. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

   e. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and claims pursuant to the FCRA. The Plaintiff's interests are consistent with those of the members of the class.

75. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FCRA. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

76. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.
77. Defendant was negligent and violated the FCRA. Defendant's violations include, but are not limited to, the following:
    a. 15 U.S.C. §1681b which prevents a person from using or obtaining a consumer report unless the user is obtaining the report for a permissible purpose and the user certifies such purpose in accordance with the FCRA;
    b. 15 U.S.C. §1681e(a) which states that "Every consumer reporting agency shall maintain reasonable procedures designed to avoid violations of section 1681c of this title and to limit the furnishing of consumer reports to the purposes listed under section 1681b of this title;"
    c. 15 U.S.C. §1681n for willfully failing to comply with the FCRA; and
    d. 15 U.S.C. §1681o for negligently failing to comply with the FCRA.

**WHEREFORE,** Plaintiff, on behalf of himself and all others similarly situated, respectfully prays that judgment be entered against Defendant for:

(A) Statutory, actual, compensatory and punitive damages in an amount to be determined at the time of trial;

(B) Pre-judgment and post-judgment interest at the legal rate;

(C) Costs and reasonable attorney's fees;

(D) Injunctive Relief; and

(E) For such other and further relief as may be just and proper.

(F) Plaintiff requests trial by jury on all issues so triable.

Dated: September 19, 2017

AMIR J. GOLDSTEIN, ESQ.
/S/ Amir J. Goldstein
Amir J. Goldstein, Esq.
**Attorney for Plaintiff**
8032 West Third Street, Suite 201
Los Angeles, CA 90048
Tel 323.937.0400; Fax 866.288.9194